IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

COREY KELLER, )
    Plaintiff, )
)
v. )   Case No. 24-cv-3221
)
)
ALAN BAILEY and SCOTT WOODS, )
    Defendants. )

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 10). For the reasons that follow, Defendants' motion is granted.

Plaintiff Corey Keller filed his Pro Se Complaint (Doc. 1) on a Complaint Form for a Civil Case Alleging Negligence pursuant to diversity of citizenship jurisdiction, 28 U.S.C. § 1332. If Plaintiff is in fact alleging negligence, it appears the Court lacks jurisdiction over the subject matter. Plaintiff states he is a citizen of Illinois. (Doc. 1 at 2). In their Answer, Defendants Alan Bailey and Scott Woods, both of whom were employed as law enforcement officers with the Christian County Sheriff's Office in August and September of 2021, admit they are citizens of Illinois. (Doc. 2 at ¶¶ 2, 5). Because diversity is lacking, the proper course would be to dismiss without prejudice Plaintiff's negligence claim (or any other state law claim) if that is what he is alleging. Defendants construe Plaintiff's claims as Fourth Amendment seizure claims brought pursuant to 42 U.S.C. §

1983. Because that appears to more accurately describe Plaintiff's claims, the Court will do the same.

The Fourth Amendment protects against unreasonable seizures. *Belbachir v. County of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013). Because Congress did not specify a statute of limitations for § 1983 claims, courts have been instructed to apply the forum state's statute of limitations for personal injury claims, which in Illinois is two years. *Campbell v. Forest Preserve Dist. of Cook County, Ill.*, 752 F.3d 665, 667 (7th Cir. 2014).

Plaintiff's Complaint was signed on August 15, 2024, and filed on August 16, 2024. According to Defendants' undisputed material facts, all of the events relevant to this motion occurred in August or September 2021. Because Plaintiff has not responded to any of the undisputed material facts, the Court deems those facts to be admitted for purposes of this motion. *See* Fed. R. Civ. P. 56(e)(2); CDIL-LR 7.1(D)(2)(b)(6).

On August 16, 2021, Christian County Sheriff Bruce Kettelkamp asked Defendant Bailey to visit Plaintiff due to some complaints he made regarding thefts on his property. Bailey asked Pana Police Chief Bland to accompany him to Plaintiff's residence because Bland knew Plaintiff from prior interactions. (Doc. 10 at ¶ 3). While visiting Plaintiff, the officers observed a rifle on the couch in his living room and an AR-15 against the wall near where Plaintiff sat down. (*Id.* at ¶ 5). When discussing the alleged thefts, Plaintiff's demeanor changed from calm and logical to angry and then back to calm. At one point, Plaintiff was so upset he had tears in his eyes. (*Id.* at ¶ 8).

The following day, Bailey reviewed prior law enforcement call logs related to Plaintiff. Bailey thought the call logs suggested Plaintiff's threats and behavior were

escalating and might indicate signs of unstable mental health. He was concerned Plaintiff might shoot someone. (*Id.* at ¶ 9). After sending some information to the Christian County State's Attorney's Office for review, Bailey met with State's Attorney Michael Havera for assistance in requesting a firearms restraining order and mental health order. (*Id.* at ¶¶ 10-12).

On August 17, 2021, Judge Paisely of the 4th Judicial Circuit Court, Christian County, issued (a) a firearms restraining order, (b) a mental health order, and (c) a search warrant directing the Sheriff's Office to seize firearms and ammunition at Plaintiff's residence. (*Id.* at ¶ 13). Bailey, Sergeant Telford with the Christian County Sheriff's Office, and Chief Bland drove to Plaintiff's residence to execute the search warrant by seizing the firearms. (*Id.* at ¶¶ 14-15). Sergeant Telford transported Plaintiff to a hospital in compliance with the mental health order. (*Id.* at ¶ 16). On August 18, 2021, Bailey submitted an inventory and search warrant return to the state court in which he documented the specific firearms and ammunition that were seized pursuant to the search warrant. (*Id.* at ¶ 17). Bailey also faxed a form and incident report to the Illinois State Police based upon the court's prior issuance of a firearms restraining order. (*Id.* at ¶ 18).

On September 7, 2021, Bailey attended a court hearing and did not ask the court to issue a six-month plenary firearms restraining order upon learning mental health professionals had determined Plaintiff was not a risk to himself or others. (*Id.* at ¶ 21). Judge Paisely terminated the emergency firearms restraining order and dismissed the case. (*Id.* at ¶ 22). Because Plaintiff's FOID card had been revoked with the issuance of

the emergency firearms restraining order, Plaintiff allowed the sheriff's office to return his firearms and ammunition to Plaintiff's designee on September 10, 2021. (*Id.* at ¶¶ 23-24).

Defendant Woods was previously employed as the chief deputy for the sheriff's office. (*Id.* at ¶ 25). Woods was not present when Bailey interacted with Plaintiff on either August 16 or 18, and Woods did not appear in the related state court proceeding. (*Id.* at 26).

The Complaint in this case was filed nearly three years after any and all events giving rise to Plaintiff's claim. Because none of the allegations describe occurrences within the last two years, Plaintiff's claims are untimely. The Court further concludes that, because Plaintiff's claims are clearly barred by the applicable statute of limitations, leave to amend would be futile. To the extent that Plaintiff seeks reinstatement of his FOID card, Plaintiff is free to reapply by following the procedures in 430 ILCS 65/10. He cannot obtain such relief by filing a § 1983 lawsuit.

For all of these reasons, Defendants' Motion for Summary Judgment [Doc. 10] is GRANTED. This case is Dismissed with Prejudice. The Clerk will enter Judgment and terminate this case.

ENTER: September 30, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE